IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JULIAN WATSON**                                                                                    **PLAINTIFF**

v.                                                                            CAUSE NO. 1:13CV257-LG-JMR

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA**                                                           **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [18] filed by Travelers Property Casualty Company of America. In its motion, Travelers seeks a declaration validating a policy provision prohibiting coverage for uninsured motorist claims that are also covered by workers' compensation. The plaintiff, Julian Watson, has filed a response in opposition to the Motion, and Travelers has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court concludes that the policy provision at issue is unenforceable under Mississippi law. Therefore, Travelers' Motion for Summary Judgment is denied.

### FACTS

On July 12, 2012, Watson was involved in an accident on Highway 49 that was caused by a hit and run driver. The vehicle driven by Watson at the time of the accident was insured by a Travelers policy that provides uninsured motorist coverage. The Travelers policy was purchased by Watson's employer, Gollott & Sons Transfer and Storage, Inc. Since Watson was working at the time of the accident, he has been receiving workers' compensation benefits for the injuries he

suffered. Watson has filed the present lawsuit, seeking to recover uninsured motorist coverage under the Travelers policy issued to Gollott. In its Motion for Summary Judgment, Travelers relies on the following policy provision: "We will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." (Def.'s Mot., Ex. A at 38, ECF No. 18-1)

## DISCUSSION

In *Nationwide Mutual Insurance Co. v. Garriga*, the Mississippi Supreme Court addressed the issue of whether "[u]nder Mississippi law, an insurer can contractually limit, credit or offset the amount of workers' compensation benefits received by its insured to the extent such uninsured motorist coverage exceeds the statutory minimum required." *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 661 (Miss. 1994). Garriga was a Gulfport Police Officer who was injured in an automobile accident that was caused by an underinsured motorist. *Id.* at 660. Garriga had purchased liability policies that provided uninsured motorist coverage for each of his two personal vehicles in the amount of $25,000. *Id.* Garriga had received workers' compensation benefits for his injuries, because he was on duty at the time of the accident. *Id.* Nationwide, Garriga's uninsured motorist carrier, attempted to invoke a policy provision that would reduce his coverage to the extent he received workers' compensation benefits. *Id.* at 661. Nationwide also argued that Garriga would receive a windfall if the Court held that the clause was

unenforceable, because the parties agreed that Garriga suffered $50,000 in damages, and he had already received that amount.[1]  *Id.*

The *Garriga* court characterized the question presented as one of statutory interpretation, not policy interpretation.  *Id.* at 664.  The Court, after reviewing the language of the uninsured motorist statute,[2] held that "the minimum required coverage which may not be offset by clauses such as that here involved is the coverage that the insured chooses up to that amount equal to the liability amount acquired."  *Id.*  In other words, if an insured chooses uninsured motorist coverage that is equal to or less than the amount of liability insurance purchased, the uninsured motorist coverage cannot be offset as a matter of law.  *See id.*  The court reasoned that the statute provides "an option given the insured to increase coverage, over which the insurer has *no control* other than refusal to increase bodily injury liability limits."  *Id.* (emphasis added).

In the present case, Travelers argues that the *Garriga* case is distinguishable, because the plaintiff in *Garriga* was a Class I insured, while

---

[1] Garriga received $25,000 in workers' compensation coverage, and $10,000 from the carrier that insured the underinsured motorist.  Nationwide had also already paid $15,000 in underinsured motorist coverage to Garriga, but it argued that it was not required to pay any additional amounts due to the workers' compensation reduction clause in the policies Garriga purchased.

[2] The uninsured motorist statute provides, in part, "[A]t the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth by this section."  Miss. Code Ann. § 83-11-101(1).

Watson is a Class II insured.  Travelers contends that the holding in *Meyers v. American States Insurance Co.*, 914 So. 2d 669 (Miss. 2005), supports its argument for this distinction.  In *Meyers*, the court explained that the following are included in Class I: "the named insured, and residents of the same household, his spouse and relatives of either, while in a motor vehicle or otherwise." *Id.* at 674 (¶15).  Class II includes "any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies." *Id.*  "The coverage afforded Class I insureds extends to all circumstances when a member of the first class is injured by an uninsured motorist," while a Class II individual "is only covered because he or she is in the covered automobile." *Id.* at 674 (¶16).  An employee driving his employer's vehicle is a Class II insured with regard to his employer's policy. *Id.* at 676 (¶23).  The *Meyers* court held that Class II insureds are only entitled to the uninsured motorist coverage applicable to the vehicle in which they are traveling at the time of the accident; they are not permitted to stack the uninsured motorist coverage applicable to all of the vehicles insured under the employer's policy. *Id.* at 674 (¶¶15-16).  Class I insureds, on the other hand, are permitted to stack coverage. *Id.*

Although the *Meyers* decision did not address the enforceability of workers' compensation offset provisions, Travelers argues that the Class I and II distinctions discussed in the *Meyers* decision provide support for its argument that offset provisions are enforceable as to Class II insureds like Watson but not as to Class I

insureds like Garriga.[3]  The Court finds no room in the *Garriga* decision for such a distinction, given the Court's clear and unequivocal holding – "The correct interpretation of the statutory scheme as it developed and in its present form is that carriers are commanded by statute to provide coverage up to the amount of liability insurance purchased where the insured so desires and cannot reduce this amount by exception of the type here involved."  *Garriga*, 636 So. 2d at 665.

Furthermore, it should be noted that the distinction between Class I and Class II insureds is derived from the fact that Class I insureds are insured "while in a motor vehicle *or otherwise*."  *See* Miss. Code Ann. § 83-11-103(b) (emphasis added).  Meanwhile, a Class II insured is only entitled to the coverage purchased on the vehicle he was occupying at the time of the accident.  *Meyers*, 914 So. 2d at 674 (¶¶15-16).  For stacking, this distinction is important, because stacking permits an insured to receive coverage that was purchased on vehicles that the insured was not occupying at the time of the accident.  In the present case, there is no justification for distinguishing between Class I and Class II insureds.  Watson is only seeking the coverage provided on the vehicle he occupied, which is permissible under *Meyers*.

Travelers also argues that the *Garriga* case is distinguishable from the present case, because there was no danger of a double recovery for *Garriga*, while there is such a danger here.  Travelers' argument is not persuasive.  As previously

---

[3] Garriga was a Class I insured, because he was the named insured on his personal policies.  His employer had not purchased uninsured motorist coverage.

explained, when the Supreme Court's opinion was rendered, Garriga had already received $50,000, and it was agreed that his damages totaled $50,000.  The parties were disputing whether Nationwide was obligated to pay more.  Nationwide, like Travelers, had argued that there was a danger that Garriga would receive a windfall if the offset or reduction clause was held unenforceable.  In response to this argument, the court explained:

> The reduction clause, however, is so broad, that even if Garriga had $100,000 in damages his insurance liability would only pay the policy limit minus workers' compensation payments.  Under the reduction clause Nationwide will always reduce the $50,000 policy limit if workers' compensation has been paid, no matter the ultimate damages suffered.  In fact, if Garriga had received $50,000 in workers' compensation, this clause would act to deny him any recovery, even the $10,000 statutory minimum.

*Garriga*, 636 So. 2d at 661.  The clause in the Travelers policy is likewise overly broad.  In fact, it appears that Travelers is arguing that it does not owe Watson any uninsured motorist coverage, not even the $25,000 statutory minimum.[4]  As a result, the *Garriga* decision is not distinguishable on this basis.  The offset provision in the Travelers policy is unenforceable, and the Motion for Summary Judgment must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [18] filed by Travelers Property Casualty Company of America is **DENIED**.

---

[4] At the time of the *Garriga* decision, the statutory minimum coverage was $10,000, but now the minimum is $25,000.  *See* Miss. Code Ann. § 83-11-101(1); Miss. Code. Ann. §  63-15-43.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2014.

_s/ Louis Guirola, Jr._
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
